# In the United States Court of Federal Claims

No. 09-315L

(E-Filed: June 7, 2011)

| | | |
|---|---|---|
| WHISPELL FOREIGN CARS, INC., ET AL., | ) ) ) | |
| Plaintiffs, | ) ) ) | Motion for Reconsideration of Partial Summary Judgment |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) | |

Mark F. Hearne, II, Clayton, MO, for plaintiffs.  Lindsay S.C. Brinton and Meghan S. Largent, Washington, DC, of counsel.

Carol Draper, with whom was Ignacia S. Moreno, Assistant Attorney General, Environment & Natural Resources Division, Natural Resources Section, United States Department of Justice, Washington, DC, for defendant.

OPINION AND ORDER

HEWITT, Chief Judge

I.  Background

This is a rails-to-trails case brought by Whispell Foreign Cars, Inc., et al. (plaintiffs).  Before the court are plaintiffs' Motion [on behalf of affected plaintiffs] Bama Sea Products, Inc., Peter Denne Property Holdings, Inc. and the Batton, Samon, and Resch Families Requesting this Court to Reconsider its Dismissal of Their Claims (plaintiffs' Motion or Pls.' Mot.), Docket Number (Dkt. No.) 69, filed February 28, 2011; Defendant's Response to Plaintiffs' Motion for Reconsideration (Def.'s Resp. to Recon.), Dkt. No. 74, filed March 30, 2011; and Plaintiff[s'] Reply in Support of Motion for Reconsideration (Pls.' Reply), Dkt. No. 79, filed April 18, 2011.

II.  Discussion


In Defendant's Cross-Motion for Summary Judgment, Opposition to Plaintiffs' Motion for Partial Summary Judgment, and Memorandum in Support Thereof (Def.'s Resp.), Dkt. No. 38, filed July 28, 2010, and Defendant's Reply in Support of Cross-Motion for Partial Summary Judgment, and Opposition to Plaintiffs' Motion for Partial Summary Judgment (Def.'s Reply), Dkt. No. 56, filed November 23, 2010, defendant asserted that properties owned by Peter Denne Property Holdings, Inc., Joel M. Samon and Jared M. Samon, and SBJ Resch Family Partnership Ltd. correspond to the segment of the railroad established by an ordinance passed in 1914 by the City of St. Petersburg, Florida (Ordinance 429), Dkt. No. 61-1, filed December 9, 2010.  Def.'s Resp. 10; Def.'s Reply 6.  Defendant also asserted that Connie Batton and James Howard Batton are the successors-in-interest to H.M. Pancoast and Sarah Pancoast.  Def.'s Resp. 10; Def.'s Reply 6.  In addition, defendant asserted that a portion of Connie Batton's and James Howard Batton's property corresponds to the segment of the railroad established by an unknown conveyance that is not on the valuation schedule.  Def.'s Resp. 10; Def.'s Reply 6.

In Plaintiffs' Memorandum of Law in Support of Motion for Partial Summary Judgment (Pls.' Mem.), Dkt. No. 31, filed June 16, 2010, and Plaintiffs' Proposed Findings of Uncontroverted Fact (PFUF), Dkt. No. 30, filed June 16, 2010 (collectively, plaintiffs' Prior Filings), plaintiffs asserted that Bama Sea Products, Inc., Peter Denne Property Holdings, Inc., Joel M. Samon and Jared M. Samon and SBJ Resch Family Partnership Ltd. are the successors-in-interest to Janet M. Hayward and H.E. Hayward.  Pls.' Mem. 6; PFUF 8, 13-14.  Additionally, plaintiffs asserted that Connie Batton and James Howard Batton are the successors-in-interest to H.M. Pancoast and Sarah Pancoast.  Pls.' Mem. 10; PFUF 8.

However, in Plaintiffs' Sur-Reply in Support of Their Motion for Partial Summary Judgment and in Response to the Government's Reply in Support of its Cross-Motion for Partial Summary Judgment (plaintiffs' Sur-Reply or Pls.' Sur-Reply), Dkt. No. 62, filed December 15, 2010, plaintiffs indicated their willingness "for the Court to grant summary judgment" on then pending motions based on certain factual assumptions as to the basis of certain of the railroad's property interests:

> Plaintiffs are willing for the Court to grant summary judgment assuming the railroad's interest in the right-of-way across the property of Bama Sea Products and the Battons was established by the railroad building a railway without any recorded grant from the original landowner.  And, for the seven properties for which the government contends a different original grant established that specific segments of right-of-way, Plaintiffs are willing for this Court to enter judgment assuming the respective segment of the right-of-way was established by the instrument the government identifies.

Pls.' Sur-Reply 3.

The position taken by plaintiffs in their Sur-Reply regarding the claims of Bama Sea Products, Connie Batton and James Howard Batton and "the seven properties for which the government contends a different original grant established that specific segments of [the] right-of-way" was inconsistent with plaintiffs' Prior Filings. In their Sur-Reply, plaintiffs do not articulate the legal and factual basis for their indifference. In addition, plaintiffs do not state that their initial position is incorrect.

Because the position taken by plaintiffs in their Sur-Reply regarding the claims of Bama Sea Products, Connie and James Howard Batton and "the seven properties for which the government contends a different original grant established that specific segments of [the] right-of-way" was inconsistent with plaintiffs' Prior Filings, the court in its Order and Opinion of February 7, 2011, Dkt. No. 67, disregarded that aspect of plaintiffs' Sur-Reply and considered only plaintiffs' assertions in their Prior Filings regarding which plaintiffs' properties relate to the Hayward, Gilbart, Ainsworth and Pancoast conveyances. Five plaintiffs now move the court to reconsider its dismissal of their claims. Pls.' Mot. 1.

Plaintiffs now claim that "[f]or purposes of summary judgment, the Plaintiffs adopted the government's proposed findings of uncontroverted fact as to the Battons and Bama Sea Products, Inc., for which the government contended there was no recorded conveyance to the railroad." Pls.' Mot. 2. Additionally, plaintiffs claim that "[f]or purposes of summary judgment, and after receiving and reviewing the government's statement of uncontroverted facts, Plaintiffs agreed to accept the government's position as to the original conveyance that pertained to each Plaintiff." Pls.' Mot. 3. Defendant contends that "additional research demonstrates that Ordinance 429 and the Hayward deed are both relevant to at least three of the five properties raised in Plaintiffs' Motion (the Denne, S[B]J Resch, and Samon properties)." Def.'s Resp. to Recon. 5. Defendant asserts that:

> For at least these three properties, the Hayward deed covers the same portion of the railroad corridor that the railroad had previously acquired an interest in pursuant to the ordinance. By signing the Hayward deed six months after the City adopted Ordinance 429, the railroad augmented or perfected its previously-acquired interest.

3

Def.'s Resp. to Recon. 5.[1]

It appears to the court that the parties have changed their positions in an opportunistic manner because the court determined that the Hayward Conveyance conveyed fee simple title to the railroad. The court seeks to reach a decision based on complete evidence.

Accordingly, the parties shall confer and shall, to the extent they can agree, file a joint stipulation regarding which conveyance corresponds to each plaintiff's property on or before Friday, June 17, 2011. If the parties cannot agree as to any plaintiff's property, the parties shall confer and shall, on or before Wednesday, June 22, 2011, propose further proceedings necessary to resolve the remaining disputes.

The court's conclusions of law in its Order and Opinion of February 7, 2011 interpreting the Hayward, Gilbart, Pancoast and Ainsworth conveyances are unaffected by this Opinion and Order.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Chief Judge

---

[1] Defendant contends that "the Court linked the Batton property to the Hayward conveyance, and both parties linked it to the Pancoast conveyance." Def.'s Resp. to Pls.' Mot. for Recons., Docket Number (Dkt. No.) 74, at 5. The court did not link the property of Connie Batton and James Howard Batton to the Hayward Conveyance. The court linked the property of Connie Batton and James Howard Batton to the Pancoast Conveyance. Order and Op. of Feb. 7, 2011, Dkt. No. 67, at 31-32 ("The claims that plaintiffs assert correspond to the Hayward, Gilbart, Ainsworth and Pancoast Conveyances in plaintiffs' Prior Filings are DENIED as follows: . . . (11) Connie and James Howard Batton's claim relating to the Pancoast Conveyance . . . .").