# In the United States Court of Federal Claims

No. 09-315L

(E-Filed: November 22, 2016)
**NOT FOR PUBLICATION**

|  |  |
|---|---|
| WHISPELL FOREIGN CARS, INC., et al., ) | ) |
| ) Plaintiffs, ) | RCFC 54(d)(2); Fed. R. Civ. P. Rule 54(d)(2); RCFC 37(a)(3)(B); RCFC 26(b)(1) |
| v. ) ) | |
| THE UNITED STATES, ) ) | |
| Defendant. ) ) | |

ORDER

This is a Trails Act case in which plaintiffs' attorneys' fees and costs is the only remaining issue. The parties report that "[d]espite extended negotiations, [they] have not reached agreement on attorneys' fees reimbursable under the" Uniform Relocation Assistance and Real Property Acquisition Policies Act (URA), 42 U.S.C. § 4654(c). JSR, Sept. 2, 2016, ECF No. 224.

Plaintiffs filed their Rule 54(d) motion on October 11, 2016. ECF No. 229, briefing on which is not yet complete.[1] Presently before the court is plaintiffs' motion to compel discovery from defendant. Pls.' MTC, Sept. 26, 2016, ECF No. 226. Plaintiffs seek defendant's time and cost records in connection with litigating this matter.

---

[1]  On November 18, 2016, defendant moved to stay briefing, pending the court's decision on plaintiffs' motion to compel. ECF No. 224. On November 21, the court stayed briefing pending this decision. Order, ECF No. 238. As directed therein, the parties' joint proposed schedule will be due no later than **Monday, January 23, 2017**. See Order 2.

Briefing on Plaintiffs' Motion to Compel is complete, and this motion is ripe for decision. As explained below, the court **DENIES** Plaintiffs' Motion to Compel.

I.   Background

On August 25, 2016, plaintiffs issued their Second Request for Production of Documents to defendant, as included below. Pls.' 2d RFP, ECF No. 226-1.

> **REQUEST NO. 1:**
> All time-billing and/or time-entry records and time-logs, including but not limited to USA-5 system records (and/or other timekeeping system records), for each and every DOJ attorney, paralegal, legal secretary, and other DOJ employee participating in this litigation.
>
> **REQUEST NO. 2:**
> All records relating to all costs and expenses paid in connection with this litigation, including copies of invoices, purchase orders, and receipts for all services, expert witnesses, and travel expenses of all DOJ personnel involved in this litigation.

Id. at 3. Plaintiffs issued their requests under Rules 26 and 34. Id. at 1.

In a September 6, 2016 letter to plaintiffs' counsel, defendant refused to respond to plaintiffs' discovery, stating that it "goes beyond the discovery authorized by Court of Federal Claims Rule 26, and no written response is therefore required." ECF No. 226-2, p. 1. Plaintiffs responded in a September 16, 2016 letter, in a "good faith attempt to confer with the government," arguing that their discovery request was justified under Rule 26(b)(1). ECF No. 226-2, pp. 2-3. Defendant made no reply.

On September 26, 2016, under Rule 37(a)(3)(B), plaintiffs moved to compel defendant's response to its discovery requests. Pl.'s MTC 4 (A "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." (quoting RCFC 37(a)(3)(B))). In plaintiffs' view, "[t]he hours the government lawyers and paralegals spent opposing [plaintiffs] and the expenses the government incurred doing so are relevant to the reasonableness of the time that [plaintiffs'] counsel devoted pulling the laboring oar and the expenses the [plaintiffs] incurred." Id. at 2.

Defendant responded in opposition, urging the court to "reaffirm that discovery about attorney's fees issues is unavailable as a matter of right, but must be requested by a motion showing good cause for the requested discovery." Def.'s Resp. 2, Oct. 14, 2016,

ECF No. 233.  Further, argues defendant, discovery in this matter closed in February 2010, making plaintiffs' requests untimely.  Id. at 1, 3 (citing Scheduling Order, ECF No. 17).

Plaintiffs replied that the documents they seek are public documents, and that by refusing to produce its time and expense records, defendant is "hiding something."  Pls.' Reply, Oct. 21, 2016, ECF No. 234.

II. Discussion

The court considers both whether there is discovery as of right for a Rule 54(d) motion, and whether plaintiffs' requests for production fall under Rule 26(b)(1), as they assert.

    A.    Rule 54(d) Motion for Attorney's Fees and Costs

In interpreting the court's rules, the court is "guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure."  RCFC rules committee's note to 2002 amendment, at 1.  In relevant part, RCFC 54(d) is like Fed. R. Civ. P. 54(d).  Compare RCFC 54(d)(2), with Fed. R. Civ. P. 54(d)(2).  The court therefore relies on cases interpreting Fed. R. Civ. P. 54(d), as well as the advisory committee notes.

As explained by the Advisory Committee on Civil Rules,

> On rare occasion, the court may determine that discovery under Rules 26-37 would be useful to the parties.  Compare Rules Governing Section 2254 Cases in the U.S. District Courts, Rule 6.  See Note, Determining the Reasonableness of Attorneys' Fees--the Discoverability of Billing Records, 64 B.U. L. Rev. 241 (1984).  In complex fee disputes, the court may use case management techniques to limit the scope of the dispute or to facilitate the settlement of fee award disputes.
>
> . . . .
>
> Subparagraph (D) explicitly authorizes the court to establish procedures facilitating the efficient and fair resolution of fee claims.

Fed. R. Civ. P. 54(d)(2) advisory committee's note to 1993 amendment.  Like Federal Rule 54(d)(2)(D), subparagraph (D) of the court's rules similarly "authorizes the court to

establish procedures facilitating the efficient and fair resolution of fee claims," subsequent to the completion of briefing.  See RCFC 54(d)(2)(D)(iii) ("Subsequent Procedures.  After the filing of a response and a reply to a motion for attorney's fees, the court will enter an order prescribing the procedures to be followed.").

The court agrees with the Advisory Committee that discovery related to a Rule 54(d) motion should be rare, and requires court approval.

    B.    Rule 37 Motion for an Order Compelling Discovery

Plaintiffs brought their motion to compel under Rule 37(a)(3)(B).  Pls.' MTC 4 (A "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." (quoting RCFC 37(a)(3)(B))).  According to the court's rules, a party may move to compel a discovery response when "a party fails to produce documents . . . as requested under RCFC 34."  RCFC 37(a)(3)(B)(iv).

Plaintiffs state that they served their Second Set of Requests for Production of Documents "[p]ursuant to Rules 34 and 26."  Pls.' 2d RFP 1.  Rule 34 provides that "[a] party may serve on any other party a request within the scope of RCFC 26(b)."  RCFC 34(a).  Rule 26(b) provides that the scope of discovery, unless otherwise limited by court order, is that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." RCFC 26(b)(1).

Although plaintiffs ostensibly served their discovery under Rule 26(b), they failed to explain how the amount of their attorney's fees and costs is relevant to a "claim or defense" in this matter,[2] as required to fall within the scope of Rule 26(b)(1) discovery.

Defendant argues that attorneys' fees are a collateral issue.  Def.'s Resp. 3.

Defendant is correct.  As the Federal Circuit stated, "proceedings relating to costs [and] attorneys' fees . . . are collateral to the original proceeding and may be heard even after the original proceeding has been terminated."  Nat'l Org. of Veterans Advocates,

---

[2]    The court is aware that in a September 16, 2016 letter to defendant, plaintiffs explain that the discovery they seek falls under Rule 26(b)(1) because "one of the [plaintiffs'] claims for relief [in their complaint] was payment of 'costs and attorneys' fees incurred pursuant to" URA.  See ECF No. 226-2, p. 2.  Argument in an exhibit is no substitute for argument in a motion.  Regardless, the court fails to see how a claim for relief in its complaint would transform attorneys' fees from a collateral issue into a merits issue, for which plaintiffs could claim Rule 26(b) discovery of right.

Inc. v. Sec'y of Veterans Affairs, 710 F.3d 1328, 1332 (Fed. Cir. 2013) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-96 (1990)).  As explained by the Supreme Court,

> This Court has indicated that motions for costs or attorney's fees are "independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree." Sprague v. Ticonic National Bank, 307 U.S. 161, 170 (1939).  Thus, even "years after the entry of a judgment on the merits" a federal court could consider an award of counsel fees.  White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 451 n.13 (1982). . . . [T]he imposition of costs [or] attorney's fees . . . is not a judgment on the merits of an action.  Rather, it requires the determination of a collateral issue: . . . Such a determination may be made after the principal suit has been terminated.

Cooter & Gell, 496 U.S. at 395-96.

### C. Conclusion

The discovery plaintiffs seek is for a collateral issue, and is unrelated to "any party's claim or defense."  Accordingly, plaintiffs' discovery does not automatically fall within the scope of Rule 26(b), and plaintiffs had no basis for serving a Rule 34 request for production of documents on defendant.  Plaintiffs may not now avail themselves of Rule 37 to compel responses to discovery to which they were not entitled in the first place.  Nor have plaintiffs sought, or received, the court's approval to issue discovery in connection with their Rule 54(d) motion.

For the reasons explained herein, plaintiffs' motion to compel is **DENIED**.

IT IS SO ORDERED.

                                                    s/ Patricia E. Campbell-Smith
                                                    PATRICIA E. CAMPBELL-SMITH
                                                    Chief Judge